FILED

OCT X 1 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH RAUL WILSON,           )
         Petitioner,           )        No. C 02-3278 VRW (PR)
                      )
    vs.           )        ORDER GRANTING
                      )        MOTION FOR
DERRAL ADAMS, Warden,           )        APPOINTMENT OF
                      )        COUNSEL
         Respondent.           )
————————————————————           )        (Docs # 3, 4, 6 & 8)

        Petitioner, a prisoner at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. He has also filed a motion for leave to proceed in forma pauperis under 28 USC § 1915 and a motion for appointment of counsel under 18 USC § 3006A.

        Petitioner pleaded nolo contendere to drug possession in the Superior Court of the State of California in and for the County of Santa Clara. It was also determined that petitioner suffered two or more prior "strike" convictions and, pursuant to California's Three Strikes Law, he was sentenced to 26 years to life in state prison. Petitioner unsuccessfully appealed to the California Court of Appeal and the Supreme Court of California.

        In the instant pro se petition, petitioner simply alleges that he is entitled to federal habeas relief based on "cruel and unusual punishment," "ineffective assistance of counsel," and "change of law re: Prop 36." Petitioner explains in his motion for appointment of counsel (and declaration in support thereof), with

1  the help of another prisoner, that he is "mentally disabled" (suffering "from bi-

2  polar disorder") and unable to allege facts in support of his claims due to his

3  disability and inability to access his state court records.  He asks that the court

4  appoint him counsel under § 3006A and hold his petition in abeyance until

5  counsel is able to prepare and file an amended petition properly setting forth

6  specific facts and arguments in support of his claims.

7      Section 3006A(a)(2)(B) authorizes a district court to appoint counsel to

8  represent a habeas petitioner whenever "the court determines that the interests of

9  justice so require and such person is financially unable to obtain representation."

10  Here, the court finds that petitioner is entitled to proceed in forma pauperis under

11  28 USC § 1915 and that he is financially unable to obtain representation.  The

12  court also finds that this is one of those rare cases where it would be in "the

13  interests of justice" to appoint counsel:  It appears that petitioner's "disability"

14  and "inability" to access his state court records prevent him from properly

15  presenting his claims, cf LaMere v Risley, 827 F2d 622, 626 (9th Cir 1987) (no

16  abuse of discretion to deny appointment of counsel where pleadings illustrated

17  that petitioner had good understanding of issues and was able to present them

18  clearly and forcefully); Bashor v Risley, 730 F2d 1228, 1234 (9th Cir 1984) (no

19  abuse of discretion to deny appointment of counsel, although petitioner was over

20  60 years of age and had no background in law, where he thoroughly presented

21  issues in petition and accompanying memorandum), and that at least one of his

22  preliminary claims may have a substantial likelihood of success, see, e.g., Brown

23  v Mayle, 283 F3d 1019, 1037 (9th Cir 2002) (granting habeas petitions after

24  finding "three-strikes" sentences of 25-years-to-life sentences unconstitutional

25  for (1) shoplifting $25 of merchandise and prior convictions for two residential

26  burglaries, two assaults with a deadly weapon and one robbery conviction; and

27

28                                        2

1    (2) shoplifting three videotapes and prior convictions for four robberies, some of

2    which involved violence); <u>Andrade v Attorney General</u>, 270 F3d 743, 765-66

3    (9th Cir 2001) (granting habeas petition because "three-strikes" sentence of 50-

4    years-to-life for shoplifting nine videotapes worth a total of $153.54, and three

5    prior non-violent burglaries violates Eighth Amendment), cert granted, 122 S Ct

6    1434 (2002).  Accordingly, in the interests of justice, petitioner's motions for

7    leave to proceed in forma pauperis under 28 USC § 1915 (docs # 3 & 8) and for

8    appointment of counsel under 18 USC § 3006A (doc # 6) are GRANTED.

9        The Clerk shall send a copy of this order to the Federal Public Defender's

10   Office for their prompt selection of a qualified attorney to represent petitioner in

11   this matter.  Selected counsel shall file an appearance as soon as he is selected

12   and, by no later than December 2, 2002, shall file a First Amended Petition for a

13   Writ of Habeas Corpus.[1]

14        SO ORDERED.

15

16        VAUGHN R. WALKER
          United States District Judge

17

18

19

20

21

22

23

24

25

26   [1]Petitioner's motion to hold the petition in abeyance and for leave to amend

27   after counsel is appointed (doc # 4) is dismissed as moot.

28                          3