FILED

MAR 11 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH WILSON,                           No CV-02-3278 VRW

        Petitioner,

                              ORDER

        v

DERRAL ADAMS, Warden,

        Respondent.

_____/

I

      Petitioner, a prisoner at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. Doc # 1.

      Petitioner pleaded nolo contendere to drug possession in the Superior Court of the State of California in and for the County of Santa Clara. Id. It was also determined that petitioner suffered two or more prior "strike" convictions and, pursuant to



1  California's Three Strikes Law, he was sentenced to 26-years-to-
2  life in state prison.  Id.  Petitioner unsuccessfully appealed to
3  the California Court of Appeal and the Supreme Court of California.
4  Id.

5          In the habeas petition, petitioner alleges that he is
6  entitled to federal habeas relief based on "cruel and unusual
7  punishment," "ineffective assistance of counsel" and "change of law
8  re: Prop 36."  Id.  The first two claims were considered and denied
9  by the Supreme Court of California and are deemed exhausted for
10  purposes of the petition.  Id.  The change of law claim was not
11  reviewed by the Supreme Court because the proposition was passed
12  after petitioner's appeals.  Id.  Because the Supreme Court of
13  California was not provided an opportunity to rule on this claim,
14  this claim is deemed unexhausted.  See 28 USC § 2254(b), (c); Rose
15  v Lundy, 455 US 509, 515-16 (1982) (habeas petitioner must present
16  the highest state court available with a fair opportunity to rule
17  on the merits of each and every claim they seek to raise in federal
18  court).

19                                II

20          Under the law of the circuit, petitioner has three
21  options because his petition contains both exhausted and
22  unexhausted claims: (1) dismiss the petition and return to state
23  court to exhaust the unexhausted claims; (2) delete the unexhausted
24  claims and proceed with the exhausted claims only; or (3) amend the
25  petition to dismiss the unexhausted claims, move to stay the
26  amended petition, exhaust the unexhausted claims and then move to
27  amend the stayed petition to add the newly-exhausted claims.  Ford
28  v Hubbard, 330 F3d 1086, 1097-1102 (9th Cir 2003).

2

III

      The court ORDERS petitioner to elect one of these three options and inform the court in writing no later than April 9, 2004, of his decision.

      IT IS SO ORDERED.

VAUGHN R WALKER

United States District Judge