1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    KEITH WILSON,                      )    No. C 02-3278 VRW
                                        )
10                  Petitioner,         )    **ORDER LIFTING STAY, REOPENING**
                                        )    **CASE, GRANTING MOTION FOR**
11      v.                              )    **APPOINTMENT OF NEW COUNSEL,**
                                        )    **AND REFERRING CASE TO FEDERAL**
12   DERRAL ADAMS,                      )    **PUBLIC DEFENDER; INSTRUCTIONS**
                                        )    **TO CLERK**
13                  Respondent.         )
                                        )
14   _____   )    **(Docket No. 26)**
15
16          This is a habeas corpus case filed in July 2002 by a state prisoner pursuant to 28 U.S.C.
17   2254.  On October 1, 2002, after a finding that "this is one of those rare cases where it would be
18   in 'the interests of justice' to appoint counsel," the case was referred to the Federal Public
19   Defender for appointment of counsel (docket #9).  The Federal Public Defender selected Barry
20   L. Morris, Esq., for appointment, and he was appointed as petitioner's counsel on November 27,
21   2002 (docket # 12).  After Mr. Morris failed to take any action in this case and on November 25,
22   2003, he was ordered to appear for a status conference (docket #16).  Following the status
23   conference, Mr. Morris filed some motions in this case, including a request for stay in order to
24   exhaust certain claims in the state courts (docket #22), the stay was granted, and the case
25   administratively closed pending the duration of the stay (docket #24).   On April 19, 2004, this
26   case was stayed pending exhaustion of state remedies and administratively closed (docket #24).
27          Petitioner has filed a letter, construed as a motion to lift the stay and reopen the case, as
28   well as a motion to appoint a new attorney (docket # 26).  Petitioner indicates that Mr. Morris

ceased communicating with petitioner soon after the stay was granted in 2004. Petitioner states that he last heard from Mr. Morris in a letter dated March 5, 2004, wherein Mr. Morris promised to start drafting petitioner's state habeas petition as soon as he returned from vacation (docket #26 at 3, 28). Petitioner states that Mr. Morris has effectively ceased representing him and did not file a habeas petition in state court to exhaust state remedies. Petitioner states that he and his mother have attempted to contact Mr. Morris multiple times via phone and mail, without success. A review of Mr. Morris' records from the State Bar of California indicate that he was found not eligible to practice law on September 4, 2002, and again on July 1, 2008, when he was suspended for failure to pay his Bar member fees. Mr. Morris was returned to active status on July 15, 2008. On July 10, 2008, during his suspension for failure to pay dues, Mr. Morris entered into a settlement with the State Bar of California wherein he stipulated to three counts of misconduct committed while he represented a woman who was attempting to reduce her two-year driver's license suspension to one year. Mr. Morris accepted an advance fee, but failed to perform the requested legal services and did not keep the client informed of developments in her case, despite requests by the client's husband over a year-long period. On November 10, 2008, Mr. Morris received a one-year suspension, which was stayed, and was placed on probation.

In light of Mr. Morris' inadequate representation of petitioner in this case as well as his disciplinary record, Petitioner's motion to appoint new counsel and to reopen this case are **GRANTED**. The stay of this case is **LIFTED**.

The Clerk shall send a copy of this order to the Federal Public Defender's Office for their prompt selection of a qualified attorney to substitute in place of Mr. Morris as petitioner's attorney in this matter. Selected counsel shall file an appearance as soon as he is selected and, within 30 days of his appearance, shall file a status report.

//

//

2

1    The Clerk shall reopen the file.  As the district judge assigned to this case has retired, the

2  Clerk shall reassign this case to a new district judge pursuant to the court's assignment plan.

3       **IT IS SO ORDERED**.

4  DATED:   February 7, 2012

5                                            _____

6                                            WILLIAM ALSUP
                                             UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20  G:\PRO-SE\WHA\HC.02\WILSON3278.MOT.wpd

21

22

23

24

25

26

27

28
                                             3